The opinion of the court was delivered by
Manning, C. J.
On an indictment for murder found December 16, 1878, which alleged that the crime was committed on January 29,1877, a verdict of manslaughter was rendered against the defendant, whereupon he moved in arrest of judgment on the ground of prescription. On hearing, the State offered in evidence the records and documents of a previous prosecution for the same offence, for the purpose of shewing that such prosecution had commenced within a year from the commission of the crime. The evidence thus offered is the transcript of the case which was before us last year. State v. Morrison, 30 Annual, 817. Objection was made by the prisoner to the reception of this evidence on the ground that all the proceedings taken therein were null and had been so adjudged, which being overruled, he reserved a bill. Sentence of confinement at hard labour for twenty years was passed upon himj from which he appeals.
This presents the question whether a criminal prosecution which has been declared a nullity, interrupts prescription. It is apparent that it does not.
It has long been settled that when a prisoner is indicted for murder, and is convicted of manslaughter, the conviction is illegal if the indictment was not found within a year from the commission of the crime. State v. Cobbs, 7 Annual, 107. And in such prosecutions unless the *212 State shews a previous indictment of the same person for the same offence, found within the year, or cause why such indictment was not found, such as the absconding of the offender, or that the commission of the crime had not been known to the authorities before, the conviction will not be sustained.
We lately held that when such prosecution had been commenced in time, and was afterwards voluntarily abandoned, the plea of prescription must prevail. State v. Baker, 30 Annual, 1134. And that the same result will follow if the previous prosecution is based upon a fatally defective information. State v. Curtis, ibid. 1166.
The first criminal proceedings against this defendant were declared by us to be absolute nullities. It is then as if he had never been indicted until as set forth in the present case, and this indictment was not found within a year from the time when the crime is charged to have been committed. The plea of prescription is good. Therefore
It is ordered and decreed that the judgment of the lower court is reversed, the verdict of the jury is set aside, and the prisoner is ordered to be discharged from custody under this prosecution.